In the Matter of STANLEY IRWIN MILSTEIN, an Attorney.—The above-named attorney has submitted to this court (1) a paper signed by him and dated July 14, 1975, in which he stated that he thereby resigns as a member of the Bar of the State of New York and consents to the entry of an order striking his name from the roll of attorneys and counselors at law, and (2) his affidavit of the same date in which he acknowledged that said resignation statement was made of his own free will, etc. He was admitted to practice by this court on October 17, 1962. Said attorney was indicted in the United States District Court for the Southern District of New York and on March 25, 1975 he pleaded guilty to Counts Nos. 11, 15 and 16 of the indictment. Count No. 11 charged him with conspiring with others, *inter alia,* to obstruct, etc., the governmental functions of the Immigration and Naturalization Service, Department of Justice of the United States, by assisting an alien to obtain an immigrant visa for entry into the United States as a permanent resident, by arranging for the alien's marriage to a citizen of the United States, knowing that such marriage would not be consummated by the parties thereto (US Code, tit 18, §§ 371, 1001, 1546). Count No. 15 charged him, *inter alia,* with making and using a false "Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa," knowing that that document contained false statements (US Code, tit 18, §§ 2, 1001). Count No. 16 alleged that he corruptly endeavored to influence a witness to absent himself from a proceeding pending before the Immigration and Naturalization Service (US Code, tit 18, § 1505). His plea of guilty was accepted on the condition that he not apply for readmission to the Bar unless and until he has applied for and been granted a full and complete pardon for the above-mentioned crimes and that, in any event, he will not apply for readmission within a five-year period. On July 17, 1975 he was sentenced to two years in prison by the United States District Court for the Southern District of New York. In the above-mentioned affidavit of July 14, 1975, said attorney acknowledged that, if a disciplinary proceeding were commenced against him predicated upon his conviction, he could not successfully defend himself therein. Under the circumstances herein, said attorney's resignation as a member of the Bar is accepted and directed to be

filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.